```
             IN THE UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION

SHANNON C. VINSON,            *
                              *
     Plaintiff,               *
                              *
v.                            *   CIVIL ACTION NO.
                              *
CREATURE COMFORTS BREWING     *
COMPANY, LLC,                 *
                              *   JURY TRIAL DEMAND
     Defendant.               *
```

**COMPLAINT**

Comes Now, Plaintiff, Shannon C. Vinson, and files her Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action for violations of the Americans with Disabilities Act ("ADAAA"), codified at 42 U.S.C. § 12101 *et seq.*, as amended by the Civil Rights Act of 1991 and the ADA Amendment Acts of 2008 and for violations of the Family Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601 *et seq*.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Defendant is an "employer" engaged in an industry affecting commerce, as defined by 42 U.S.C. § 12111(5)(A).

4.

Defendant is an "employer," as defined by 29 U.S.C. § 2611(4).

5.

This Court has personal jurisdiction over Defendant.

6.

Defendant is a for-profit Georgia limited liability company doing business within the State of Georgia.

7.

At all times relevant, Defendant operated its brewing company in the State of Georgia.

8.

Defendant is subject to the jurisdiction of this Court.

**VENUE**

9.

Defendant operates its business within the Athens Division of the Middle District of Georgia.

10.

All actions by Defendant alleged herein occurred within the Athens Division of the Middle District of Georgia.

11.

Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

**THE PARTIES**

12.

The Plaintiff is a former employee of Defendant who resides in Fulton County, Georgia.

13.

Defendant is a Georgia limited liability company operating its brewing business in the State of Georgia.

14.

Defendant may be served with summons and process by service upon its registered agent, Spence Johnson at 335B Oconee Street, Athens, Clarke County, Georgia 30601.

**FACTS**

15.

Defendant operates its brewery in the United States of America, including the State of Georgia.

16.

In April of 2014, the Plaintiff began her employment as an Event Coordinator with Defendant.

17.

During her employment, the Plaintiff was promoted several times because of her exemplary performance.

18.

In 2017, the Plaintiff was promoted to the Consumer Marketing Manager.

19.

Throughout her employment, the Plaintiff performed her duties in an exemplary manner.

20.

In May of 2019, Chris Herron, Chief Executive Officer for Defendant, issued the Plaintiff an outstanding performance review, along with a raise and bonus.

21.

In June of 2019, the Plaintiff disclosed to her supervisor, Will Riley, Director of Marketing, that she was diagnosed with major depression and acute anxiety disorder.

22.

The Plaintiff informed Riley that she was having issues with the medication that she was taking to treat her major depression and acute anxiety disorder, and that she may need to take time off due to her major depression and acute anxiety disorder.

23.

Riley told the Plaintiff that he would discuss their conversation with Herron.

24.

In September of 2019, the Plaintiff discussed her major depression and acute anxiety disorder with Herron.

25.

During a meeting on September 13, 2019, Herron berated the Plaintiff, exacerbating her depression and anxiety.

26.

During this time period, the Plaintiff expressed to Defendant that she may need time off to address her depression and anxiety.

27.

Defendant failed to engage in an interactive process to accommodate the Plaintiff.

28.

Defendant failed to allow the Plaintiff to take leave as a reasonable accommodation.

29.

Defendant failed to reasonably accommodate the Plaintiff.

30.

Defendant was on notice that the Plaintiff needed FMLA leave for her serious health condition.

31.

Defendant failed to inform the Plaintiff of her FMLA rights.

32.

After disclosing her disability and her need for time off to address her depression and anxiety, the Plaintiff was placed on administrative leave for allegedly violating company policies.

33.

On October, 1, 2019, Herron terminated the Plaintiff and issued a Separation Notice stating the reason as "lack of work."

34.

The Plaintiff's position and duties were not eliminated.

35.

After the Plaintiff was terminated, Defendant hired other employees to perform her prior duties and her position as Consumer Marketing Manager.

36.

Other employees have engaged in similar conduct as the Plaintiff was accused, and/or have engaged in more egregious conduct and/or violations of company policy, but have not been disciplined, much less terminated.

37.

Defendant terminated Plaintiff for false and pretextual reasons.

38.

The Plaintiff's major depression and acute anxiety disorder are disabilities as defined by the ADAAA.

39.

The Plaintiff's major depression and acute anxiety disorder are serious health conditions as defined by FMLA.

40.

Defendant violated the FMLA by interfering with the Plaintiff's substantive rights to which she is entitled under the FMLA by terminating her.

41.

Defendant engaged in illegal retaliation against the Plaintiff because the Plaintiff exercised her rights under the FMLA.

42.

Defendant's decision to terminate the Plaintiff violates the ADAAA.

43.

Defendant has engaged in unlawful discrimination, in violation of the ADAAA.

44.

The Defendant failed to reasonably accommodate the Plaintiff under the ADAAA.

**COUNT ONE:   ADAAA – DISCRIMINATION**

45.

Plaintiff incorporates herein paragraphs 1 through 44 of her Complaint.

46.

The Plaintiff suffers from a disability as defined by the ADAAA.

47.

Plaintiff has a record of a physical impairment that substantially limits one or more of her major life activities.

48.

Defendant regarded and/or perceived the Plaintiff as having a physical impairment that substantially limited one or more of her major life activities.

49.

The Plaintiff is a qualified individual as defined by the ADAAA.

50.

Defendant has engaged in discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, by refusing to accommodate her and terminating her.

51.

The Plaintiff is capable of performing all essential functions of her position with a reasonable accommodation.

52.

The Plaintiff has a physical impairment that substantially limits one or more of her major life activities.

53.

Defendant's conduct violates 42 U.S.C. § 12101 et seq., the ADAAA, as amended.

54.

On or about February 18, 2020, the Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination.  (EEOC Charge of Discrimination #410-2020-03772, attached hereto as Exhibit A)

55.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

56.

On or about March 29, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination.  (A true and accurate copy of the EEOC "Notice Of Right To Sue" letter for EEOC Charge #410-2020-03772, attached hereto as Exhibit B)

57.

The Plaintiff has filed this action under the ADAAA within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

58.

Defendant's discriminatory conduct, in violation of the ADAAA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

59.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

60.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT TWO: FMLA VIOLATION**

61.

Plaintiff incorporates herein paragraphs 1 through 60 of her Complaint.

62.

The Plaintiff suffers from a serious health condition as defined by the FMLA.

63.

The Plaintiff is an "eligible employee," as defined by 29 U.S.C. § 2611(2)(A).

64.

Defendant violated the FMLA by failing to comply with the notice requirements of the FMLA.

65.

Defendant violated the FMLA by terminating the Plaintiff.

66.

Defendant violated the FMLA by interfering with the Plaintiff's substantive rights to which she is entitled under the FMLA.

67.

Defendant's actions entitle the Plaintiff to all remedies, including, but not limited to, interest, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 2617(a).

**COUNT THREE:  FMLA RETALIATION – INTERFERENCE WITH RIGHTS**

68.

Plaintiff incorporates herein paragraphs 1 through 67 of her Complaint.

69.

Defendant retaliated against the Plaintiff by disciplining her for requesting FMLA qualifying leave.

70.

Defendant engaged in illegal retaliation against the Plaintiff because the Plaintiff exercised her rights under the FMLA.

71.

Defendant's actions entitle the Plaintiff to all remedies, including, but not limited to, interest, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 2617(a).

**PRAYER FOR RELIEF**

72.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendant to reinstate her employment;
2. That the Court grant full front pay to the Plaintiff;
3. That the Court grant full back pay to the Plaintiff;
4. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct;
5. That the Court grant Plaintiff punitive damages for Defendant's malicious and recklessly indifferent conduct;

6. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

7. That the Court grant Plaintiff liquidated damages and interest under the FMLA;

8. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the ADAAA, FMLA, and/or 42 U.S.C. § 1988;

9. That the Court grant Plaintiff a jury trial;

10. That the Court grant Plaintiff all other relief the Court deems just and proper;

11. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory and retaliatory conduct; and

12. That the Court award the Plaintiff full reimbursement for all medical expenses incurred by the Plaintiff.

Respectfully submitted this 22nd day of June 2021.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net