IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SHANNON C VINSON,<br><br>    Plaintiff,<br><br>v.<br><br>CREATURE COMFORTS BREWING COMPANY LLC,<br><br>    Defendant. | Civil Action<br>File No.:   3:21-cv-00080-CAR |

**PROTECTIVE ORDER**

THE COURT ALERTS THE PARTIES THAT IT MODIFIED SECTION 3 AND ADDED A FINAL SECTION TO THE PARTIES' PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE AGREED ORDER SUBMITTED TO THE COURT.

Because confidential information, such as protected health information, may be produced in discovery in this action, the parties have consented to entry of the following Order to facilitate production and post-production treatment of such materials during the course of this litigation. Because there is good cause for this order, the Court **ORDERS**, as follows:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

5

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action. The parties and their counsel agree that Confidential Information shall not be disclosed to third parties unconnected to the litigation.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must contact Nora Paul, Courtroom Deputy (478-752-0725) to request a telephone conference with the Court before filing a motion challenging a confidentiality designation. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

   e. any witness identified by the parties in disclosures or discovery responses, and

   f. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as

exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information, provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Confidential Information may also be marked as "CONFIDENTIAL-TRADE SECRET" if the producing party in good faith believes that the information constitutes a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or by cases applying Georgia law, O.C.G.A. § 10-1-761. All information subject to Confidential-Trade Secret treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court containing such information shall be filed under seal to the extent permitted by the Court's Procedures for Electronic Filing Under Seal in Civil Cases. The parties agree to give the other party at least seven days' notice of the party's intent to file any information subject to Confidential-Trade Secret treatment. It shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such

precondition to filing such information under seal.

8. The parties agree to redact any information that is marked as Confidential Information and that includes or constitutes: (1) personal identifying information, such as a Social Security number; or (2) personal health information protected by the Health Insurance Portability and Accountability Act in accordance with this Court's local rules for electronic filing.

9. At the final conclusion of litigation, the Confidential Information shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal or dismissal of the case with prejudice) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

10. Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or

document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to specific confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. Either party may enforce this Order, and any violation may result in the imposition of sanctions by the Court.

### ADDED BY THE COURT:

The Court finds that good cause exists for the entry of this Order with the following condition. Notwithstanding anything to the contrary in the foregoing Order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or in opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.

Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**IT IS SO ORDERED** this 10th day of January, 2022.

s/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT